UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| BRIAN REED, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-CV-0328-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is plaintiff Brian Reed's ("Reed") motion in limine #1. Doc. #190. Defendant AMCO Insurance Company ("AMCO") filed an opposition (Doc. #194) to which Reed replied (Doc. #199).

**I.  Facts and Procedural History**

On August 15, 2008, Reed's house was burglarized and his personal property, including a large number of automotive and household tools, was taken. At the time of the burglary, Reed was insured by defendant AMCO under a homeowner's policy which included coverage for property damage and loss of personal property. The day following the burglary Reed submitted a claim to AMCO for the loss.

Subsequently, after more than a year of various issues between the parties, Reed filed a complaint against AMCO for breach of contract. Doc. #1, Exhibit A. On March 3, 2010, Reed filed an amended complaint alleging three causes of action: (1) breach of contract; (2) breach of the

covenants of good faith and fair dealing; and (3) violation of Nevada's Unfair Trade Practices Act. Doc. #18. In response AMCO filed an answer to the amended complaint. Doc. #21. In its answer, AMCO raised forty separate affirmative defenses. *Id*. Thereafter, Reed filed the present motion in limine #1 to exclude all evidence relating to any alleged misrepresentations Reed made during the claims process. Doc. #190.

**II.     Discussion**

Reed seeks an order precluding AMCO from offering evidence that he made misrepresentations to AMCO during the claims process arguing that such evidence is not relevant to the underlying action. *See* Doc. #190.

The court has reviewed the documents and pleadings on file in this matter and finds it premature to provide a general court order excluding evidence from trial in light of the pending motions for summary judgment and for judgment on the pleadings. *See* Doc. ##77, 80, 92. Reed's motion is more appropriately dealt with closer to trial after the court has reviewed and addressed the merits of the pending motions. Accordingly, the court shall deny the present motion in limine without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion in limine #1 (Doc. #190) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE