UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN REED, ) | |
| ) | |
| Plaintiff, ) | 3:09-CV-0328-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| AMCO INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

Before the court is plaintiff Brian Reed's ("Reed") motion for judgment on the pleadings regarding defendant AMCO Insurance Company's ("AMCO") affirmative defenses. Doc. #77. AMCO filed an opposition (Doc. #85) to which Reed replied (Doc. #228).

**I.    Facts and Procedural History**

On August 15, 2008, Reed's house was burglarized and his personal property, including a large number of automotive and household tools, was taken. At the time of the burglary, Reed was insured by defendant AMCO under a home owner's policy which included coverage for property damage and loss of personal property. The day following the burglary Reed submitted a claim to AMCO for the loss.

Subsequently, after more than a year of various issues between the parties, Reed filed a complaint against AMCO for breach of contract. Doc. #1, Exhibit A. On March 3, 2010, Reed filed an amended complaint alleging three causes of action: (1) breach of contract; (2) breach of the

covenants of good faith and fair dealing; and (3) violation of Nevada's Unfair Trade Practices Act. Doc. #18.

In response AMCO filed an answer to the amended complaint. Doc. #21. In its answer, AMCO raised forty separate affirmative defenses. *Id*. Thereafter, Reed filed the present motion for judgment on the pleadings as to sixteen (16) of AMCO's forty (40) affirmative defenses. Doc. #77.

## II.    Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides, "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *General Conference Corp. of Seventh Day Adventists v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d. Ed. 2004).

"In ruling on a motion for judgment on the pleadings, district courts must accept all material allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the non-moving party." *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs., Inc.,* 907 F.Supp. 1361, 1381 (N.D. Cal. 1995). Judgment on the pleadings is improper if the district court must go beyond the pleadings to resolve an issue. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Under such circumstances, summary judgment is the proper procedure. *Id.* A court, however, may take judicial notice of matters of public record without converting a Rule 12 motion into one for summary judgment. *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008).

///

### III. Discussion

Reed seeks judgment on sixteen (16) of AMCO's affirmative defenses. Doc. #77. In particular, Reed seeks to dismiss AMCO's fourth (4), sixth (6), seventh (7), ninth (9), tenth (10), thirteenth (13) through fifteenth (15), twentieth (20) through twenty-fourth (24), twenty-eighth (28), thirty-second (32), and fortieth (40) affirmative defenses. *Id*.

The court notes that affirmative defenses number seven (7), ten (10), fourteen (14), twenty (20) through twenty-four (24), twenty-eight (28), thirty-two (32), and forty (40) have already been addressed in the court's prior order granting in-part and denying in-part Reed's motion for summary judgment on AMCO's affirmative defenses (Doc. #49). *See* Doc. #112. Therefore, this order shall only consider those affirmative defenses that have yet to be addressed by the court: AMCO's fourth (4), sixth (6), ninth (9), thirteenth (13), and fifteenth (15) affirmative defenses.

#### A  Fourth (4) Affirmative Defense - Estoppel

In AMCO's fourth affirmative defense, AMCO contends that Reed is estopped from seeking recovery because he withheld information during the insurance investigation with the intent that AMCO rely on those omissions to its detriment.

The court has reviewed the documents and pleadings on file in this matter and finds that there are no allegations or evidence establishing any detrimental reliance by AMCO. Rather, the pleadings make clear that AMCO has denied Reed's claim for coverage and has not paid him any money under the policy. Without detrimental reliance, there can be no claim for estoppel. *See Las Vegas Convention & Visitors Auth. v. Miller*, 191 P.3d 1138, 1157 (Nev. 2008). Therefore, the court shall dismiss AMCO's fourth affirmative defense.

#### B. Sixth (6) Affirmative Defense - Unclean Hands

In AMCO's sixth affirmative defense, AMCO contends that Reed's claims are barred by the equitable doctrine of unclean hands.

The doctrine of unclean hands "bars a party from receiving equitable relief because of that

1  party's own inequitable conduct." *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern*
2  *Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008). The doctrine applies to situations in which a party's
3  conduct has been unconscientious, unjust, or in bad faith. *Id*.
4      Here, Reed is not seeking equitable relief. Rather, all of his claims are contractual in nature
5  and he seeks solely monetary damages. Therefore, the court finds that there is no basis for AMCO
6  to allege the affirmative defense of unclean hands. Therefore, the court shall grant Reed's motion
7  as to this affirmative defense.

### C.  Ninth (9) Affirmative Defense - Failure to Mitigate

AMCO alleges that Reed has failed to mitigate his damages. However, the court fails to see how Reed could have mitigated his damages in this action, or what conduct he could have taken to prevent the underlying theft that would have resulted in a mitigation of his damages. Therefore, the court shall dismiss this affirmative defense.

### D.  Thirteenth (13) Affirmative Defense - Fraud and Misrepresentation

In AMCO's thirteenth affirmative defense, AMCO contends that Reed engaged in fraud during the investigation of his insurance claim which precludes application of the insurance agreement.

The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues of material fact as to whether Reed's alleged conduct in submitting false loss amounts precludes application of the insurance contract. Therefore, the court shall deny Reed's motion as to this affirmative defense.

### E.  Fifteenth (15) Affirmative Defense - Excused Performance

AMCO's fifteenth affirmative defense provides that Reed's claims are barred "because performance under the Policy was excused or prevented by the conduct, acts, and omissions of other parties," including Reed.

The court finds that AMCO has sufficiently pled that Reed's alleged conduct in failing to

cooperate throughout the claims process and in failing to respond to requests for documentation excuses AMCO's performance under the insurance contract. Therefore, the court shall deny Reed's motion as to this affirmative defense.

IT IS THEREFORE ORDERED that plaintiff's motion for judgment on the pleadings (Doc. #77) is GRANTED in-part and DENIED in-part. Defendant's fourth (4), sixth (6), and ninth (9) affirmative defenses are DISMISSED from its answer to plaintiff's amended complaint (Doc. #21).

IT IS SO ORDERED.

DATED this 21st day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE