1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *

9    BRIAN REED,                          )
                                          )
10                  Plaintiff,            )              3:09-CV-0328-LRH-RAM
                                          )
11   v.                                   )
                                          )              ORDER
12   AMCO INSURANCE COMPANY,              )
                                          )
13                  Defendant.            )
     _____)

14

15         Before the court are plaintiff Brian Reed's ("Reed") motion for partial summary judgment

16   on his claim for violation of Nevada's Unfair Trade Practices Act (Doc. #80[1]); motion for partial

17   summary judgment on defendant AMCO Insurance Company's ("AMCO") stated grounds for

18   denying his insurance claim (Doc. #92); motion to strike the declaration of Theresa Mitchell-

19   Froehlich submitted in support of AMCO's motion for summary judgment (Doc. #145); motion to

20   extend time (Doc. #185); motion to seal (Doc. #198); and motion for sanctions (Doc. #200).

21         Also before the court is AMCO's motion for partial summary judgment on Reed's second

22   cause of action for breach of the implied covenant of good faith and fair dealing; third cause of

23   action for violation of Nevada's Unfair Trade Practices Act; and request for punitive damages.

24   Doc. #124.

25

26         _____

           [1] Refers to the court's docket number.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.       Facts and Procedural History

On August 15, 2008, Reed's house was burglarized and his personal property, including a large number of automotive and household tools, was taken. At the time of the burglary, Reed was insured by defendant AMCO under a home owner's policy which included coverage for property damage and loss of personal property. The day following the burglary Reed submitted a claim to AMCO for the loss.

Subsequently, after more than a year of various issues between the parties, Reed filed a complaint against AMCO for breach of contract. Doc. #1, Exhibit A. On March 3, 2010, Reed filed an amended complaint alleging three causes of action: (1) breach of contract; (2) breach of the covenants of good faith and fair dealing; and (3) violation of Nevada's Unfair Trade Practices Act. Doc. #18. Thereafter, the parties filed the various motions.

## II.      Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

2

1    1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

2        To successfully rebut a motion for summary judgment, the non-moving party must point to

3    facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*

4    *Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

5    outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

6    (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is

7    not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

8    fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for

9    the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of

10   evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

11   there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

12   **III.    Reed's Motion for Partial Summary Judgment re: Unfair Trade Practices (Doc. #80)**

13       Reed seeks summary judgment on his third cause of action for violation of Nevada's Unfair

14   Trade Practices Act. *See* Doc. #80. In Nevada, it is an unfair trade practice for an insurer to fail to

15   provide an insured a reasonable explanation for any offer to settle or compromise a claim.

16   NRS 686A.310(1)(n). In his motion, Reed contends that it is undisputed that AMCO failed to

17   provide any explanation or documentation supporting its settlement offer of $15,000.

18       The court has reviewed the documentation and pleadings on file in this matter and finds that

19   there are disputed issues of material fact precluding summary judgment. Reed contends that the

20   settlement offer failed to contain any explanation or documentation supporting the amount of

21   settlement. However, there is no requirement that a single offer letter set forth all facts to support

22   the settlement amount. *See Zurich American Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d

23   1223 (D. Nev. 2010). Rather, a determination of whether a party has a reasonable basis to support a

24   settlement offer may be inferred by the totality of the circumstances including all ongoing

25   communications between the parties.

26

                                                    3

1    Here, viewing the evidence in the light most favorable to AMCO, the totality of

2  communications between the parties establish that AMCO attempted to promptly deal with Reed's

3  claim, but was forestalled by Reed's actions in failing to provide requisite claim information and

4  supporting documentation for his loss, and failing to communicate with AMCO, for several

5  months. Thus, faced with an unsubstantiated claim the court finds that there is evidence supporting

6  AMCO's settlement offer. Accordingly, the evidence in this case being disputed, the court shall

7  deny Reed's motion.

8  **IV.    Motion for Partial Summary Judgment re: AMCO's Grounds for Denial (Doc. #92)**

9    In his motion, Reed seeks summary judgment on several of the grounds that AMCO used in

10  its denial of his insurance claim. *See* Doc. #92. In particular, Reed argues that AMCO's reliance on

11  subparagraphs 4, 6, 7(a), 7(c), and 8 of Section I(B) Duties After Loss of the insurance contract

12  was improper because there is no evidence to support the application of these subparagraphs. The

13  court disagrees.

14    Viewing the evidence in the light most favorable to AMCO as the non-moving party, the

15  court finds that there is sufficient evidence for the application of the various denial grounds.

16  Specifically, the evidence establishes that Reed prevented AMCO from timely investigating his

17  claim and failed to provide all requisite documentation including a complete inventory of all stolen

18  tools. Reed's identified failures fall within the language of the duties after loss contract subsection.

19  Thus, the court finds that there is at least a disputed issue of fact as to whether it was reasonable for

20  AMCO to deny his claim on the aforementioned grounds and whether they are applicable to the

21  underlying claim dispute. Therefore, the evidence again being disputed, the court shall deny Reed's

22  motion.

23  **V.    Motion to Strike (Doc. #145)**

24    Reed moves to strike the declaration of Teresa Mitchell-Froehlich ("Mitchell-Froehlich")

25  submitted in support of AMCO's motion for summary judgment (Doc. #124, Exhibit 5).

26

4

*See* Doc. #145. Reed argues that the declaration is improper because it is not based solely on Mitchell-Froehlich's personal knowledge.

The court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Here, Mitchell-Froehlich's declaration is neither redundant, immaterial, impertinent, or scandalous. The declaration is based on her limited personal knowledge of the insurance claim from reading over the claim file and materials. Reed's concerns are evidentiary issues that go to the weight to be given the declaration in addressing AMCO's motion for summary judgment and not its admissibility. Accordingly, Reed's motion to strike shall be denied. Such denial shall be without prejudice to any evidentiary objections Reed may have to Mitchell-Froehlich's testimony at trial.

**VI.     Motion to Seal (Doc. #198)**

In his motion to seal, Reed seeks to seal certain documents submitted by AMCO for their failure to comply with Rule 5.2 of the Federal Rules of Civil Procedure. Doc. #198. Rule 5.2 provides that a filing should not contain an individual's social security number, financial account number, or birth date. FED. R. CIV. P. 5.2(a).

Here, several documents submitted by AMCO were filed with improper confidential information. Therefore, the court shall grant Reed's motion, seal the identified documents, and require AMCO to file redacted copies of the documents for the record.

**VII.    Motion for Sanctions (Doc. #200)**

Reed also seeks sanctions against AMCO for AMCO's failure to comply with Rule 5.2 by disclosing sensitive confidential information. *See* Doc. #200.

Whether to issue sanctions against a litigating party is solely a matter of discretion for the court. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Here, the court finds that AMCO did not engage in conduct that "was tantamount to bad faith" by failing to redact their filings. *Id*. However, despite the lack of bad faith by AMCO, the court finds that the

1   underlying violation of filing documents containing confidential information in violation of

2   Rule 5.2 is sanctionable conduct. AMCO's failure to comply with the federal rules has placed

3   privileged  personal information on the court's CM/ECF system, an internet system, and has cost

4   Reed and the court time in and energy in sealing the aforementioned documents. Therefore, the

5   court shall grant Reed's motion for sanctions and allow Reed to recover reasonable attorney's fees

6   related to the motion to seal and the present motion for sanctions.

7   **VIII.   AMCO's Motion for Summary Judgment (Doc. #124)**

8          AMCO seeks summary judgment on Reed's second cause of action for breach of the

9   implied covenant of good faith and fair dealing; third cause of action for violation of Nevada's

10  Unfair Trade Practices Act; and request for punitive damages. *See* Doc. #124.

11         **A.   Bad Faith**

12         An insurer acts in bad faith when it refuses "'without proper cause' to compensate the

13  insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382

14  (Nev. 1993) (quoting *United States Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev.

15  1975)). Such conduct is a breach of the covenant of good faith and fair dealing. *Id*. In order to

16  establish a prima facie case of bad faith, a plaintiff must establish that  "the insurer knew or

17  recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers*

18  *v. United Servs. Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998).

19         AMCO argues that Reed has not shown and cannot show any evidence that AMCO acted

20  unreasonably in evaluating his claim. Therefore, AMCO argues it is entitled to judgment as a

21  matter of law on the issue of bad faith. However, the issue before the court is not whether AMCO

22  acted unreasonably, but whether AMCO had a reasonable basis to offer Reed a settlement of only

23  $15,000 for his insurance claim.

24         Viewing the evidence in the light most favorable to Reed, the record before the court

25  reveals that there are disputed issues of material fact as to whether AMCO purposefully

26

6

undervalued Reed's claim without a reasonable basis. In particular, Reed's divorce decree from several years prior establishes that he had at least $70,000 in tools at that time. Further, Reed provided supporting document for several thousand dollars of additional tools purchased after his divorce.

Although AMCO argues that the total extent of Reed's lost tools is debatable, an insurer's own belief that a claim is fairly debatable is insufficient to support a finding that an insurer had a reasonable basis to deny coverage. *See Wohlers & Co. V. Bartgis*, 969 P.2d 949, 956 (Nev. 1998). Thus, the court finds that the record before the court does not support AMCO's position that it is entitled to judgment as a matter of law that it had a reasonable basis to offer a settlement of only $15,000 for Reed's insurance claim. Therefore, the court shall deny the motion as to this issue.

**B.  Statutory Unfair Claims Practices**

Reed has brought suit alleging that AMCO violated Nevada's Unfair Claims Practices Act, NRS § 686A.310. The act specifically identifies what constitutes an unfair practice. *See* NRS 686A.310. In particular, it is an unfair trade practice for an insurance company to fail to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear. NRS 686A.310(1)(e); *see also, Turk v. TIG Ins. Co.*, 616 F.Supp.2d 1044, 1052 (D. Nev. 2009) ("An insured has a cause of action against an insurer if the insurer waits an inordinate amount of time before informing the insured that there is no coverage."). Further, it is an unfair trade practice for an insurer to fail to provide an insured a reasonable explanation for any offer to settle or compromise a claim. NRS 686A.310(1)(n).

Here, the court finds that there are disputed issues of material fact concerning whether AMCO's settlement offer constituted a prompt, fair and equitable settlement and whether there was sufficient documentation supporting the settlement offer. Viewing the evidence in the light most favorable to Reed, there is sufficient evidence that the value of his stolen tools exceeded $70,000 and to infer that a $15,000 settlement offer was neither fair nor equitable. Further, there is

7

1    sufficient evidence to infer that at the time AMCO made its settlement offer, it did not have a

2    reasonable basis to offer such a low amount. Accordingly, AMCO is not entitled to summary

3    judgment.

4        **C.  Punitive Damages**

5            Under Nevada law, in order to recover punitive damages, a plaintiff must show the

6    defendant acted with oppression, fraud or malice. *Pioneer Chlor Alkali Co. v. National Union Fire*

7    *Ins. Co.*, 863 F.Supp. 1237, 1250 (D. Nev. 1994). Oppression is a conscious disregard for the rights

8    of others constituting cruel and unjust hardship. *Pioneer Chlor Alkali Co.*, 863 F.Supp. at 1251

9    (citing *Ainsworth v. Combined Ins. Co. of America*, 763 P.2d 673, 675 (Nev. 1988)). Malice is

10   conduct which is intended to injure a person or despicable conduct which is engaged in with a

11   conscious disregard of the rights and safety of others. *See* NRS § 42.005(1).

12           The court finds that there is a basis to support a claim for punitive damages at this time.

13   Taking the evidence in the light most favorable to Reed, the court finds that there are sufficient

14   facts for a reasonable juror to infer that AMCO's settlement offer and subsequent denial of his

15   claim was intended solely to vex or injure Reed by preventing recovery of his lost tools.

16           IT IS THEREFORE ORDERED that plaintiff's motion for partial summary judgment

17   (Doc. #80); motion for partial summary judgment (Doc. #92); motion to strike (Doc. #145); and

18   defendant's motion for summary judgment (Doc. #124) are DENIED. The parties shall have thirty

19   (30) days from entry of this order to submit a joint pretrial order.

20           IT IS FURTHER ORDERED that plaintiff's motion to extend time (Doc. #185) is

21   GRANTED nunc pro tunc.

22           IT IS FURTHER ORDERED that plaintiff's motion to seal (Doc. #198) is GRANTED. The

23   clerk of court shall SEAL the following documents: Doc. #49, Exhibit 5; Doc. #90, Exhibit 22;

24   Doc. #99; Doc. #102; and Doc. #106. Further, within fifteen (15) days from entry of this order

25   defendant AMCO shall file redacted copies of the sealed documents in accordance with Rule 5.2 of

26

the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions (Doc. #200) is GRANTED. Plaintiff shall have fifteen (15) days from entry of this order to submit a motion for attorney's fees in accordance with Local Rule 54-16 and with this order.

IT IS SO ORDERED.


DATED this 9th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE